IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  07-738 |
| ALPHONSO MARVIN TINDAL, JR. | : | |
| a/k/a "Bo" | : | |

## ORDER & MEMORANDUM

### O R D E R

**AND NOW**, this 27th day of August, 2008, upon consideration of defendant's Motion for a New Trial (Document No. 61, filed June 20, 2008), defendant's Memorandum of Law in Support of Motion for a New Trial (Document No. 73, filed August 13, 2008), and the Government's Amended Response in Opposition to Defendant's Motion for a New Trial (Document No. 77, filed August 21, 2008), for the reasons sets forth in the attached Memorandum, **IT IS ORDERED** that defendant's Motion for a New Trial is **DENIED**.

### MEMORANDUM

**I.   INTRODUCTION**

On September 25, 2007, a grand jury sitting in the Eastern District of Pennsylvania charged Marvin Tindal, Jr. in a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  On June 20, 2008, a jury found defendant Tindal guilty as charged after a three-day trial.

Presently before the Court is defendant's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33.  Tindal argues in his motion that (1) Judge Timothy J. Savage[1] erred in

---

[1] This case was originally assigned to United States District Court Judge Timothy J. Savage.  By Order dated May 15, 2008, the case was re-assigned to this Court.

denying defendant's motion to suppress physical evidence; and (2) this Court erred in failing to dismiss the jury panel because of an allegedly improper statement by a prospective juror. For the reasons set forth below, the Court denies defendant's motion for a new trial.

## II.    BACKGROUND

July selection in Tindal's trial began on July 18, 2007. During voir dire, the Court asked prospective jurors the following question:

> THE COURT: . . . [H]ave any of you ever served as a juror in a case involving unlawful possession of a firearm, or any other case involving firearms? Prior jury service in a case involving unlawful possession of a firearm or any other case involving firearms?

(Trial Tr. 25, June 18, 2008.)  Anthony Gray, prospective Juror Number 52, raised his hand in response to this question. When the Court called on Mr. Gray to answer the question, he stated the following:

> JUROR NO. 52: I apologize. I misheard the first part of the question. I have been involved in gun cases several times. I'm a police officer. I was injured by a felon with a gun and that's the reason why I'm a former police officer now.

(Id. at 27.)  After Mr. Gray made this statement, defendant moved to dismiss the jury panel. Defendant argued that Mr. Gray's statement was prejudicial because the case involved a felon in possession charge and Mr. Gray referred to himself as a former police officer because of a felon.[2] The Court denied defendant's motion, but stated that it would consider giving a curative instruction. The Court also immediately cautioned jurors to answer the question that was asked, and to ask the Court to repeat a question if necessary.

---

[2] Defendant argued at the time he made his motion that Mr. Gray stated he was shot by a "convicted felon." (Trial Tr. 29-30, June 18, 2008.) However, the record reflects that Mr. Gray referred only to a felon, and did not use the word "convicted." (Id. at 27.)

After completing its questioning of the panel, and before calling individual jurors to side bar, the Court asked counsel whether they had any additional questions. At that time, defense counsel reiterated his position that the jury panel should be dismissed. The Court again declined to dismiss the panel, but offered to give a curative instruction if requested. Defense counsel agreed that such an instruction would be better than nothing. Thereafter, the Court gave the jury the following curative instruction:

> THE COURT: At the beginning of this voir dire examination, one of the prospective jurors made reference to the use of a weapon and an injury resulting from the use of a weapon. That has absolutely nothing whatsoever to do with this case. Nothing at all. The statement was made, I'm certain it was inadvertent, but it was made, and now my question for you: Are there any of you who heard that statement, and who would not be able to put that statement out of their minds, if they are selected to serve as a juror in this case?

(Id. at 81.) No juror raised his or her hand in response to the question.

At trial, the Government introduced substantial evidence that Tindal possessed a gun after having been convicted of a crime punishable by imprisonment for more than one year. On June 20, 2008, the jury found Tindal guilty of possession of a weapon by a convicted felon. That same day, defendant filed the instant motion for a new trial. Defendant filed a memorandum of law in support of his motion on August 13, 2008.

## III.   STANDARD OF REVIEW

Under Rule 33 of the Federal Rules of Criminal Procedure, the Court may grant a defendant's motion for a new trial if required in the interest of justice.[3] "Whether to grant a Rule 33 motion lies within the district court's sound discretion." United States v. Polidoro, 1998 WL

---

[3] Federal Rule of Criminal Procedure 33(a) provides, in relevant part: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

634921, *4 (E.D. Pa. Sept. 16, 1998) (citing United States v. Mastro, 570 F. Supp. 1388, 1390 (E.D. Pa. 1983)).  In exercising its discretion, the court may grant a motion for a new trial on one of two grounds.  First, the court may grant the motion "if, after weighing the evidence, it determines that there has been a miscarriage of justice."  United States v. Terlingo, 2001 WL 474407, *1 (E.D. Pa. April 30, 2001) (quotation omitted).  Second, the court "must grant a new trial if trial error had a substantial influence on the verdict."  Gov't of the Virgin Islands v. Commissiong, 706 F. Supp. 1172, 1184 (D.V.I. 1989); see also Gov't of the Virgin Islands v. Bedford, 671 F.2d 758, 762 (3d Cir. 1982) ("The reviewing court must decide whether the error itself had substantial influence on the minds of the jury." (parentheses and quotation omitted)).

## IV. DISCUSSION

### A. Allegedly Prejudicial Statement by Prospective Juror

The Sixth Amendment "right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors."  Irvin v. Dowd, 366 U.S. 717, 722 (1961).  The Supreme Court has held that "[d]ue process means a jury capable and willing to decide the case solely on the evidence before it . . . ."  Smith v. Phillips, 455 U.S. 209, 217 (1982).  However, the Court has recognized that "it is virtually impossible to shield jurors from every contact or influence that might theoretically affect their vote."  Id.  Thus, the trial judge enjoys "wide discretion in using voir dire to determine the presence or absence of prejudice."  Gov't of Virgin Islands v. Dowling, 814 F.2d 134, 137 (3d Cir. 1987).

Defendant argues that the Court erred in denying his motion to dismiss the jury panel because of the allegedly prejudicial statement made by prospective juror Gray.  Defendant contends that Mr. Gray's statement tainted the jury pool and biased the jury that ultimately

decided his case.[4]  In support of his position, defendant relies on Mach v. Stewart, 137 F.3d 630 (9th Cir. 1997), a Ninth Circuit Court of Appeals habeas corpus case involving a sexual assault conviction.  The Mach court described the key facts in that case as follows:

> The first prospective juror to be questioned during voir dire was Ms. Bodkin, a social worker with the State of Arizona Child Protective Services.  Bodkin stated that she would have a difficult time being impartial given her line of work, and that sexual assault had been confirmed in every case in which one of her clients reported such an assault.  The court continued to question Bodkin on this subject before the entire venire panel.  The judge's questions elicited at least three more statements from Bodkin that she had never, in three years in her position, become aware of a case in which a child had lied about being sexually assaulted.

Id. at 632.  The trial judge later struck Ms. Bodkin for cause, but did not ask jurors whether her statements had an impact on their impartiality.

The Ninth Circuit granted Mach habeas corpus relief after concluding that "[t]here [could] be no doubt that Bodkin's statements had to have a tremendous impact on the jury's verdict" because the case came down to a credibility determination as between the defendant and the testifying child victim, which was tainted by Ms. Bodkin's expertise and repeated statements. Id. at 634.  The Mach court stated that "[a]t a minimum, when Mach moved for a mistrial, the court should have conducted further voir dire to determine whether the panel had in fact been infected by Bodkin's expert-like statements."  Id. at 633.

Other circuit courts have distinguished Mach in cases involving allegedly prejudicial comments by potential jurors.  In United States v. Guzman, 450 F.3d 627 (6th Cir. 2006), the Sixth Circuit upheld a conviction where the defendant had objected repeatedly to the questioning of potential jurors about the results of criminal trials for which they had served as jurors.  The defendant argued that responses from jurors indicating that fourteen of fifteen previous trials had

---

[4] Mr. Gray was not on the jury that was selected to hear the case.

resulted in convictions prejudiced his case by implying that most defendants are guilty. In rejecting this argument, the Sixth Circuit stated:

> Critical to the ruling in Mach was the "expert-like" nature of the statements and the fact that the potential juror-"expert" vouched for the credibility of the prosecution's key witness. The statements were "highly inflammatory and directly connected to [the defendant]'s guilt." None of these factors is present in Guzman's case.

Id. at 631-32 (citations omitted). The Guzman court also noted that the trial judge had polled jurors about their ability to be fair and impartial in deciding the case and that they had "affirmed an ability to remain fair." Id. at 632.

In United States v. Lussier, 423 F.3d 838 (8th Cir. 2005), cert. denied, 546 U.S. 1130 (2006), the Eighth Circuit declined to apply Mach in a case in which a potential juror referred to the defendant's only witness as "a neighborhood nuisance." The Lussier court noted that the statement had no bearing on the guilt of the defendant himself, nor was it "expert-like" or "highly inflammatory." Id. at 842. The court also noted that the district court "instructed the jury that anything said during jury selection was not evidence in the case." Id.

Contrary to defendant's position, the instant case is distinguishable from Mach for several reasons. First, the prospective juror, Mr. Gray, expressed no opinion on any matter related to defendant's trial. Unlike Mach, he did not speak to the credibility of trial witnesses or the percentage of similar cases in which accusations were later confirmed. Thus, unlike Mach, Mr. Gray's statement was not "directly connected to [Tindal's] guilt." Id. at 634.

Second, Mr. Gray did not repeat his statement three times like the prospective juror in Mach, limiting the likely impact of the comment on jurors.

Third, the Court took ameliorative action in response to Mr. Gray's comment by giving a cautionary instruction and questioning jurors about potential bias. The Court first instructed

6

jurors that Mr. Gray's experience had "absolutely nothing whatsoever to do with this case. Nothing at all." (Trial Tr. 81, June 18, 2008.) The Court then asked prospective jurors: "Are there any of you who heard that statement, and who would not be able to put that statement out of their minds, if they are selected to serve as a juror in this case?" (Id.) No juror raised his or her hand in response to the Court's question. Thus, unlike in Mach, there is evidence in this case that the statement did not bias the jury.

The Court concludes that the facts of this case are distinguishable from those in Mach, and closer to those in Guzman and Lussier. In this case, there is no evidence in support of defendant's argument that Mr. Gray's comment resulted in a biased jury. Thus, the Court rejects defendant's argument that it erred in denying his motion to dismiss the jury panel.

**B.  Alleged Error in Denying Defendant's Motion to Suppress**

On February 20, 2008, defendant filed a Motion to Suppress Evidence for Lack of Probable Cause or Reasonable Suspicion seeking suppression of the gun found on his person on September 25, 2007. On April 16, 2008, defendant filed a Supplemental Motion to Suppress Evidence setting forth additional arguments in support of his suppression motion. Judge Savage held a suppression hearing on May 7 and May 8, 2008. By Order dated May 8, 2008, Judge Savage denied defendant's motion. Thereafter, on May 14, 2008, Judge Savage issued an Order containing Findings of Fact and Conclusions of Law in support of his ruling of May 8, 2008.

Defendant argues that he is entitled to a new trial because Judge Savage erred in finding that the police had probable cause to stop the vehicle in which he was a passenger. Specifically, defendant asserts that Judge Savage erred in crediting the testimony of Philadelphia Police Officer Timothy Wade who stated that he observed defendant lift his shirt and display the handle of a gun from fifteen yards away. Defendant contends that Officer Wade's testimony was not

credible because of his distance from defendant, obstructions to his view, the location of the sun, and the presence of tinted windows on the van in which he was seated.

The issues presented in this argument were addressed at the suppression hearing. Judge Savage denied the suppression motion after considering the direct and cross-examination of Officer Wade, the testimony of other witnesses, and the arguments of counsel. Defendant has presented no grounds for disturbing Judge Savage's ruling. Based on that ruling, the Court rejects defendant's argument that it was error to admit evidence relating to the gun at trial.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that a new trial is not warranted on either of the grounds raised by defendant. Accordingly, defendant's motion for a new trial is denied.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**