IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 07-738-01 |
| v. | : | |
| | : | CIVIL ACTION |
| ALPHONSO TINDAL | : | NO. 11-634 |

DuBOIS, J.                                                                                                      March 18, 2011

**M E M O R A N D U M**

**I.  INTRODUCTION**

Alphonso Tindal was convicted in 2008 of possession of a firearm by a convicted felon and is serving a 180-month sentence in federal prison.  Currently before the Court is Tindal's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  For the reasons that follow, the motion is denied.

**II.  BACKGROUND**

On November 28, 2007, a grand jury in this district returned a one-count indictment against Tindal, charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On June 20, 2008, following a three-day trial, a jury found Tindal guilty of the charge.

At sentencing, the Court concluded that Tindal's criminal history required imposition of the enhanced penalties provided in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  ACCA mandates that a person convicted of violating 18 U.S.C. § 922(g) who has previously been convicted of three "violent felonies" or "serious drug offenses" be sentenced to a

-1-

minimum of fifteen years (180 months) in prison. 18 U.S.C. § 924(e)(1).

The Court determined – and the defense conceded – that Tindal's two state-court convictions for possession of crack cocaine with intent to deliver constituted "serious drug offenses" and his state-court conviction for witness intimidation constituted a "violent felony." The three predicate convictions, combined with the felon-in-possession conviction, made Tindal an armed career criminal for purposes of ACCA. The Court imposed a sentence of 180 months in prison, the minimum allowed by law. The United States Court of Appeals for the Third Circuit affirmed Tindal's conviction on December 18, 2009. The United States Supreme Court denied certiorari.

On January 31, 2011, Tindal timely filed a motion for post-conviction relief under 28 U.S.C. § 2255. Tindal's motion raises two claims. First, Tindal contends that his trial counsel was ineffective for failing to investigate whether his conviction for witness intimidation constituted a "violent felony" under ACCA. Second, he asserts that his trial counsel was ineffective for failing to investigate whether one of his drug convictions qualified as a "serious drug offense."

## III. DISCUSSION

Tindal concedes that his first drug conviction, in Case No. CP-51-0541701-1994, qualified as a "serious drug offense." (Pet'r's Reply at 2.) He argues, however, that his other two convictions did not constitute predicate offenses under ACCA. The Court addresses each conviction in turn.

    A. <u>The Witness Intimidation Conviction</u>

In Case No. CP-51-CR-0101671-1995, Tindal pleaded guilty to two counts of witness

intimidation, in violation of 18 Pa. Cons. St. § 4952. He was sentenced to six to sixty months in prison on each count, to be served concurrently.

ACCA defines a "violent felony" as, <u>inter alia</u>, "any crime punishable by imprisonment for a term exceeding one year, . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). The Pennsylvania witness intimidation statute under which Tindal was convicted encompasses both crimes that involve the use or threatened use of force and others that do not. However, when a court assessing whether a conviction qualifies as a "violent felony" under ACCA is confronted with such a statute, the court may rely on materials other than the statute's text, including "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information." <u>Shepard v. United States</u>, 544 U.S. 13, 26 (2005).

Tindal contends that his witness intimidation conviction should not be counted as a "violent felony" because "the government has proven only that a heated argument occurred between petitioner and the officers involved." (Pet'r's Reply at 4.) The guilty plea colloquy tells a different story. It reveals that Tindal was accused of, and pleaded guilty to, threatening to shoot two Philadelphia police officers, Willis and Fineman, who had arrested him days earlier on gun and drug charges. During the colloquy, the prosecutor described the crime as such:

> The defendant stated to [Officer Willis] that he was upset about the amount of bail that he had to pay from the arrest two days ago and that the officers, Fineman and Willis, <u>should wear their vests because bullets will soon be flying their way</u>. . . .

> [T]his defendant came out of his residence and stated to [Officer Fineman] that he was tired of the officers harassing him and his people, and he approached the officer and told the officer <u>that he should watch his back because he, Tindal[], was going to shoot him</u>.

(Gov't's Resp., Ex. 3, Plea Colloquy at 18 (emphasis added).) Tindal's lawyer was asked if he had any additions or corrections to the facts of the case. He did not. (Id. at 19.) Tindal then pleaded guilty to the two counts of witness intimidation. (Id.)

It is beyond peradventure that threatening to shoot a police officer to impede his involvement in a criminal case is a crime that includes as an element the "threatened use of physical force against the person of another." Cf. <u>United States v. Forehand</u>, 386 F. App'x 174, 179 (3d Cir. 2010) (holding that conviction for terroristic threat qualified as a "violent felony" where defendant admitted during plea colloquy that he intentionally threatened to kill police officer). Tindal's witness intimidation conviction therefore qualifies as a "violent felony," and the failure to pursue or raise a meritless claim to the contrary did not constitute ineffective assistance of counsel. See <u>United States v. Sanders</u>, 165 F.3d 248, 253 (3d Cir. 1999). Accordingly, the Court denies post-conviction relief on Tindal's first claim.

B. <u>The Drug Conviction</u>

In Case No. CP-51-CR-00209541-1995, Tindal pleaded guilty to possession of crack cocaine with intent to deliver, in violation of 35 Pa. Cons. St. § 780-113(a)(30). He was sentenced to one to three years in prison.

ACCA defines a "serious drug offense" as, <u>inter alia</u>, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is

prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Tindal argues that the drug conviction in Case No. CP-51-CR-00209541-1995 does not constitute a "serious drug offense" because the maximum period for which he could have been incarcerated under the sentence actually imposed was three years. Tindal is wrong.

In assessing the "maximum term of imprisonment" to determine whether a crime qualifies as a "serious drug offense," a court looks not to the sentence imposed but to the statute under which the defendant was convicted. See United States v. Rodriguez, 553 U.S. 377, 392 (2008). Under Pennsylvania law, a conviction for possession of crack with intent to deliver is punishable by a maximum of ten years in prison. 35 Pa. Cons. St. § 780-113(f)(1.1). Tindal was clearly informed of the statutory maximum before he pleaded guilty. (Gov't's Resp., Ex. 3, Plea Colloquy at 11.)

As the statutory maximum term of imprisonment for the crime was at least ten years, Tindal's conviction in case No. CP-51-CR-00209541-1995 constitutes a "serious drug offense" under ACCA. Any failure to pursue or raise a meritless claim to the contrary cannot constitute ineffective assistance of counsel. See Sanders, 165 F.3d at 253. Thus, the Court denies post-conviction relief on Tindal's second claim.

## IV. CONCLUSION

For the foregoing reasons, Tindal's motion for relief under 28 U.S.C. § 2255 is denied. An appropriate order follows.